IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VICKI L. CHANEY GOODEN,** *c/o X (minor)* **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:23-cv-03177-HTW-LGI**

**JACKSON PUBLIC SCHOOLS, et al.** **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the *Motion for Leave to Proceed in forma pauperis* [2] filed by Plaintiff Vicki L. Chaney Gooden. On December 27, 2023, Plaintiff filed her Complaint [1], along with her original Long Form *Motion for Leave to Proceed in Forma Pauperis* [2]. Upon review of Plaintiff's IFP Motion, this Court entered an Order [4] deferring ruling on Plaintiff's IFP Motion, noting that "Plaintiff ha[d] submitted the correct long form application but failed to provide detailed information to several of the questions." Order, Doc. [4]. Plaintiff was ordered to submit a supplemental application correcting the deficiencies. *Id*. On February 29, 2024, Plaintiff filed her supplemental Long form Application to Proceed in District Court Without Prepaying Fees or Costs [5]. Upon review of Plaintiff's supplemental IFP Motion [5], this Court determines that Plaintiff has complied with its Order [4], and this Court has sufficient information to evaluate Plaintiff's financial condition. This Court finds the IFP Motion, as supplemented, is not well-taken and should not be granted. Having considered Plaintiff's submissions, the undersigned recommends that the Motion be DENIED, and Plaintiff be directed to pay the filing fee.

## ANALYSIS

In making the *in forma pauperis* ("IFP") determination, the Court may consider the total monetary resources available to assist Plaintiff. "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See McDaniel v. City of Hattiesburg Police Dep't*, No. 2:21-cv-24-KS-MTP, 2021 U.S. Dist. LEXIS 118625, 2021 WL 260459 (S.D. Miss May 6, 2021); (citing *Barnes v. Secretary, Dept. of Treasury*, No. 3:10-cv-477-HTW-LRA, 2010 U.S. Dist. LEXIS 112349, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010). The Court must examine the Plaintiff's financial condition to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding in forma pauperis in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of in forma pauperis proceedings of a civil nature is left to the sound discretion of the District Court." *Id.* (citing *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)).

On her IFP Application, Plaintiff indicates that her average monthly income varies but consisted of $2,740.00 in wages from employment during the past twelve months. Doc. [5]. According to this monthly average, Plaintiff's income in 2023 was approximately $32,880.00, which was comprised of a monthly income of $2,540.00 from her primary employment and $200.00 from self-employment. On her supplemental IFP application, Plaintiff indicates that she

is a seasonal employee for Burlington, and she is only on-call between 0-20 hours a week. Doc. [5] at 2. She also provides that she works for DoorDash and her income varies daily. On Plaintiff's original IFP application, she listed her gross monthly pay from Burlington and DoorDash as $700. Doc. [2] at 3.

Plaintiff lists her assets as a home, valued at $75,000.00, and a sedan valued at $4,000.00. Plaintiff is married. However, she states that she and her spouse have resided together "as roommates since around July 2016[, and] spouse does not support [her] with any personal or business issues." Doc. [5] at 2. She states that she does not have access to her spouse's bank accounts. *Id*. at 4. Despite this, Plaintiff states that her spouse pays the monthly mortgage, utilities, Wi-Fi, and the home maintenance; she indicates that she is "not responsible" for these expenses. *Id*. She states "since [she] was wrongfully terminated [she is] not able to contribute" to the household or self needs, as well as provide for kids. *Id*. at 3, 5. She states that she has two children; however, she does not provide the children's ages. Plaintiff lists her personal expenses as food, transportation and a cell phone, which totals $195.00 a month. *Id*. at 4-5.

Under the circumstances presented, this Court considers Plaintiff a part of a four-person household, with an annual income of at least $32,880.00. Courts have utilized the applicable Department of Health and Human Services poverty guidelines to assess an applicant's financial condition.[1] The applicable poverty guideline for a four-person household is $31,200.00 annually.[2] Plaintiff's monthly gross income of $2,740.00 exceeds the poverty level for her household size. Additionally, Plaintiff states that her income varies. Regardless of whether Plaintiff currently

---

[1] *See, e.g., See McDaniel v. City of Hattiesburg Police Dep't*, No. 2:21-cv-24-KS-MTP, 2021 U.S. Dist. LEXIS 118625, 2021 WL 260459 (S.D. Miss May 6, 2021); *Mann v. City of Moss Point*, 2014 WL 4794544 (S.D. Miss. Sep. 25, 2014); *Bruton v. Colvin*, 2014 WL 840993 (N.D. Tex. Mar. 4, 2014); *Nelson v. Louise*, 2011 U.S. Dist. LEXIS 91951, 2011 WL 3648632 (E.D. La. July 27, 2011); *Walker v. University of Texas Medical Branch*, 2008 U.S. Dist. LEXIS 89002, 2008 WL 4873733 (E.D. Tex. Oct. 30, 2008).

[2] *See* Annual Update to the HHS Poverty Guidelines, 82 Fed. Reg., Vol. 89, No. 11, Notices, 2961, 2962 (Jan. 17, 2024).

grosses this income, she has indicated that she is not solely responsible for her household needs – as her spouse covers all household expenses, including an unspecified mortgage, utility bills, Wi-Fi, and home maintenance. She states that her assets include a home with a mortgage and a vehicle valued at $4,000.00 Plaintiff is currently employed, with reported personal expenses totaling $195.00. Courts have denied IFP applications even where the plaintiffs' expenses exceed their income. *See Slaughter v. Vilsack*, 2013 U.S. Dist. LEXIS 56232, 2013 WL 1704909 (M.D. Ga. April 19, 2013). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 U.S. Dist. LEXIS 31463, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013). Plaintiff's financial status should allow her to pay the filing fee to commence this action without undue hardship. Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's *Motions for Leave to Proceed in forma pauperis* [2], [5] be DENIED.

2. Plaintiff be given thirty (30) days to pay all costs associated with the filing of this lawsuit.

3. Should Plaintiff fail to timely pay all costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 17th day of April, 2024.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE